UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL STEWART,   No. C 05-3467 SBA

       Plaintiff,   **ORDER**

       v.

LUEDTKE ENGINEERING COMPANY,

       Defendant.

_____

This matter comes before the Court on defendant Luedtke Engineering Company's Motion to Dismiss for Lack of Jurisdiction [Docket No. 10]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby TRANSFERS this action to the United States District Court for the Western District of Michigan, Southern Division. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Docket No. 10] is therefore DENIED AS MOOT.

## **BACKGROUND**

**A.   Factual Background**

Defendant Luedtke Engineering Company (hereinafter "LECO" or "Defendant") is a corporation organized under the laws of the State of Michigan. *See* Luedtke Decl. at ¶ 2. Its principal place of business is Frankfort, Michigan. *Id.* LECO performs marine construction services in Michigan, Illinois, Wisconsin, Indiana, New York, Ohio, Pennsylvania, Minnesota, and Iowa. *Id.* at ¶ 3. It also sells surplus marine equipment, although no sales activity takes place in, or is directed at, California. *Id.* at ¶¶ 4, 20.

1   On or about September 10, 2001, Plaintiff Michael Stuart[1] was hired by LECO to work as a deckhand. *See* Second Decl. of Luedtke at ¶ 2. At the time, Plaintiff resided in Frankfort, Michigan. *Id.* at ¶¶ 2-3. Several days after Plaintiff began working at LECO, he applied for probationary membership in the Seafarers International Union – Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO (the "Union"). *Id.* at ¶ 5.

During the period between January 1, 2002 and December 31, 2004, LECO was a party to a written agreement (the "Union Contract") with the Union. *Id.* at ¶ 8. As part of the Union Contract, LECO agreed to fill job vacancies for certain positions, including that held by Plaintiff, with Union workers. *Id.* Article VI of the Union Contract governed the applicable rules regarding wages. *Id.* Pursuant to the provision pertaining to "maintenance and cure," LECO was obligated to pay its Union employees a weekly maintenance of $300 per week if the employee suffered an injury while engaged in work covered by the Union Contract. *Id.* at Ex. F. LECO was also obligated to continue payment of maintenance until the employee reached maximum cure or was deemed fit to return to work. *Id.*

Article VI of the Union Contract also governed "transportation allowance for short-term assignments." *Id.* at ¶ 11. Pursuant to the relevant section, LECO was obligated to pay a transportation allowance to its Union employees upon the completion of any assignment with a duration of less than six days. *Id.* at ¶ 11, Ex. F. If there was no immediate reassignment at the end of the short-term project, LECO was obligated to pay for the employee's transport home. *Id.*

On or about August 31, 2002, Plaintiff was working on a short-term assignment on a barge operated by LECO, located in the waters of Lake Michigan near Waukegan, Illinois. Compl. at ¶ 5; Stuart Decl. at ¶ 2; Second Luedtke Decl. at ¶ 10. While attempting to unloosen a rubber seal at the bottom of the barge, Plaintiff fell and injured himself. Compl. at ¶ 6. Plaintiff was subsequently treated for his injuries in the emergency room of a local hospital. *Id.* Additionally, on September 1, 2002, Plaintiff was seen by his regular physician, Dr. Stephen R. Clingman, in Zion, Illinois. Second Luedtke Decl. at ¶ 12. Dr. Clingman issued a "fit for duty" release indicating that Plaintiff would be fit to return

---

[1] According to Plaintiff's Opposition, Plaintiff's name was inadvertently misspelled in the Complaint. Since the correct spelling of Plaintiff's last name is "Stuart," he will be referred to as such herein.

1  to work on September 9, 2002 with no restrictions. *Id.*

2  Since Plaintiff had worked for five days prior to the incident, and since there was no immediate
3  reassignment to work, Plaintiff was entitled to return home at LECO's expense. Second Luedtke Decl.
4  at ¶ 11. When contacted by a LECO representative, Plaintiff said that he was still having difficulties
5  moving around as a result of his injuries, and wanted to be sent to California so that he could stay with
6  his son. Stuart Decl. at ¶ 4. On September 4, 2002, a LECO representative took Plaintiff to the airport
7  and bought Plaintiff a plane ticket to California. *Id.* at ¶ 5; Second Luedtke Decl. at ¶ 11. The LECO
8  representative told Plaintiff to locate a doctor in California. Stuart Decl. at ¶ 6.

9  On October 7, 2002, Plaintiff contacted LECO and requested additional medical treatment.
10 Second Luedtke Decl. at ¶ 13. LECO authorized Plaintiff to be evaluated by a physician of his choice.
11 *Id.* Plaintiff subsequently visited Dr. Santi Rao for treatment. Stuart Decl. at ¶ 7. LECO paid for all
12 of the medical treatment Plaintiff received from Dr. Rao. *Id.* Dr. Rao consulted with LECO, and
13 maintenance and cure benefits were reinstated effective October 10, 2002. Second Luedtke Decl. at ¶
14 13; Stuart Decl. at ¶ 9. Plaintiff was authorized to receive physical therapy for four weeks. Second
15 Luedtke Decl. at ¶ 13. On November 27, 2002, Dr. Rao reported that Plaintiff had reached maximum
16 recovery. *Id.* Maintenance and cure benefits terminated effective January 10, 2003. *Id.* Plaintiff still
17 resides in California and is currently a citizen of California. Compl. at ¶ 3.

18 **B.   Procedural History**

19 On August 26, 2005, Plaintiff filed a Complaint[2] against Luedtke Engineering Company based
20 on the following causes of action: (1) Jones Act negligence[3]; (2) unseaworthiness, in violation of general
21 maritime law[4]; and (3) failure to provide maintenance and cure, in violation of general maritime law.[5]

---

[2] Federal jurisdiction is premised on 46 U.S.C. § 688 (the "Jones Act").

[3] The Jones Act provides a cause of action in negligence for any "seaman" injured "in the course of his employment." 46 U.S.C. § 688.

[4] Specifically, Plaintiff alleges that the barge, its appliances, appurtananances, and equipment were unseaworthy in that the gangway was in a state of disrepair. Compl. at ¶¶ 13-14.

[5] Under general maritime law, a seaman injured while in service of a ship is entitled to maintenance and cure, consisting of: (1) maintenance, *i.e.*, a living allowance for food and lodging; (2) cure, *i.e.*, reimbursement for medical expenses; and (3) unearned wages from the onset of the injury until

3

On January 9, 2006, Defendant Luedtke Engineering Company filed the instant Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## **LEGAL STANDARD**

**A.     Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides the district court with the authority to dismiss an action for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In order to withstand a motion to dismiss for lack of personal jurisdiction in the initial stages of litigation, the plaintiff need only "make, through [his] pleadings and affidavits, a prima facie showing of the jurisdictional facts." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In ruling on a Rule 12(b)(2) motion, the pleadings are to be viewed in a light most favorable to plaintiff and all doubts are to be resolved in his favor. *See Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 n.1 (9th Cir. 1995).

There are two types of personal jurisdiction: general and specific. *Reebok International, Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir.), *cert. denied*, 516 U.S. 908 (1995). The presence of either general or specific jurisdiction will sustain the exercise of personal jurisdiction over a defendant. *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). General jurisdiction exists where it is established that the defendant has "continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citation omitted).

As to specific jurisdiction, there are two components that must be fulfilled. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). First, the exercise of personal jurisdiction must comport with the forum state's long arm statute. *Id.* Second, the exercise of personal jurisdiction must satisfy the constitutional requirement of due process. *Id.* As to the first inquiry, California's long-arm statute, California Code of Civil Procedure § 410.10, provides for personal jurisdiction to the full extent allowed

---

the end of the voyage. *See Lipscomb v. Foss Maritime Co.*, 83 F.3d 1106, 1109 (9th Cir. 1996).

by the requirements of due process. *Id.* As such, "the question is whether exercising jurisdiction over defendants would offend due process." *Id.*

The Ninth Circuit has set forth a three-part test to determine whether a district court's exercise of specific jurisdiction comports with due process:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some transaction with the forum by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections;
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

*Ballard*, 65 F.3d at 1498.

The plaintiff bears the burden of meeting this test. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986). In the event that the plaintiff makes a prima facie showing of purposeful availment and forum related activities, "a presumption of reasonableness" arises, which the defendant bears the burden of overcoming. *Id.*

The purposeful availment test focuses on whether a "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The focus on the defendant's affirmative conduct is designed to ensure that the defendant is not haled into court as a result of "random, fortuitous or attenuated contacts." *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990). "Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of plaintiff." *Sinatra v. National Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988).

**B.     Transfer of Venue**

In general, 28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

5

1  28 U.S.C. § 1391(b). If an action is filed in the wrong venue, 28 U.S.C. § 1406 provides that the district
2  court may "dismiss, or if it be in the interests of justice, transfer such case to any district or division in
3  which it could have been brought." 28 U.S.C. § 1406.

4  Additionally, 28 U.S.C. § 1404(a) provides that: "[f]or the convenience of the parties and
5  witnesses, in the interest of justice, a district court may transfer any civil action to any other district or
6  division where the action might have been brought." 28 U.S.C. § 1404(a). The purpose of the section
7  is to "prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses, and the public
8  against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)
9  (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

## ANALYSIS

**A.     Defendant's Motion to Dismiss**

With respect to the instant Motion to Dismiss, Plaintiff concedes that this Court does not have general jurisdiction over LECO. Indeed, as Defendant sets forth in great detail in its Motion, there is no basis for general jurisdiction. *See* Luedtke Decl. at ¶¶ 2-20. Specifically, LECO is not domiciled in California, is not incorporated in California, does not conduct any business or sales activity in California, and is not registered or qualified to do business in California. *Id.* at ¶¶ 2-8, 19-20. Additionally, LECO does not have any subsidiaries or offices located in California, incorporated in California, or registered to do business in California. *Id.* at ¶¶ 12, 14. Further, none of LECO's officers, directors, or management employees resides in California. *Id.* at ¶ 13. Additionally, LECO was not served with the summons or Complaint in California and does not have an agent for service of process in California. *Id.* at ¶¶ 9-10.

Notwithstanding all of those facts, Plaintiff argues that specific jurisdiction exists because LECO "purposefully availed itself of the privilege of conducting activities in [California]" when it: (1) paid for Plaintiff's trip to California; (2) paid for the medical expenses Plaintiff incurred in California; and (3) paid maintenance to Plaintiff while he was residing in California. However, this argument is unavailing. As Defendant points out, the mere fact that LECO fulfilled its obligations under the Union Contract relating to maintenance and cure while Plaintiff was residing in California is not sufficient to establish personal jurisdiction over LECO in this forum. In fact, the District Court of Hawaii addressed this

6

precise issue in *Ortiz v. Wilmington Trust Co.*, 1992 WL 474579 (D. Hawaii 1992) and declined to exercise personal jurisdiction over the defendant. *See id.* at *3 (finding that "[t]he mere fact that [the plaintiff] ended up in Hawaii after his alleged injury" was not sufficient to justify an exercise of specific jurisdiction over the defendants, regardless of the fact that the plaintiff received maintenance and cure benefits while in Hawaii)[6]. Other courts faced with this issue have similarly, and uniformly, held that specific jurisdiction cannot be premised on such a tenuous connection with the forum state. *See American Overseas Marine Corp. v. Patterson*, 632 So.2d 1124 (Fla. App. Ct. 1994) (rejecting the plaintiff's claim that Florida had personal jurisdiction over defendants due to defendant's maintenance and cure payments); *Karim v. Finch Shipping Co., Ltd.*, 718 So.2d 572 (La. App. Ct. 1998) (same).

Further, given LECO's complete and utter lack of any presence in the state of California, the Court finds that exerting personal jurisdiction over LECO in this Court would be unreasonable and unduly burdensome to Defendant. *See Roth v. Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) (noting the defendant's lack of agent or office within the forum as a factor to be considered when determining whether jurisdiction would be burdensome to the defendant). As such, Defendant has effectively shown that the exertion of personal jurisdiction would be improper.

**B.     Transfer of Venue in the Interests of Justice**

However, Defendant also concedes that the relevant statute of limitations on Plaintiff's claims expired on August 31, 2005. Further, in his Opposition, Plaintiff has requested that the Court consider transferring venue pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406 – rather than dismissing the case altogether – in the event that this Court determines that it lacks personal jurisdiction over Defendant. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

---

[6]The District Court of Hawaii analyzed the jurisdictional issue pursuant to Hawaii's long-arm statute. *See id.* at *1. However, Hawaii's long-arm statute is identical to California's long-arm statute in that it extends jurisdiction to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *Id.*

7

A transfer may be made under 28 U.S.C. § 1404(a) or § 1406(a) upon motion by either party or by the Court *sua sponte*. *See, e.g., Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n. 17 (2nd Cir.1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*"). Moreover, the Court is authorized to transfer the case even when it determines that it lacks personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 464-65 (1962). Additionally, "when transferring a case in the interest of justice based on the lack of personal jurisdiction, a court need not elect between reliance on 28 U.S.C. § 1404(a) and § 1406(a)." *Worldwide Futgol Assoc. v. Event Entertainment, Inc.*, 983 F.Supp. 173, 182 (E.D.N.Y. 1997).

In the instant case, Plaintiff would be substantially prejudiced if the Court were to dismiss his case, since he would be barred from filing a subsequent complaint due to the expiration of the statute of limitations. Accordingly, the Court finds that a *sua sponte* transfer of this case to the appropriate venue is warranted. As stated by the United Supreme Court in *Goldlawr*:

> When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'

*Id.* Indeed, here, Plaintiff made a diligent, although erroneous, attempt to comply with the applicable statute of limitations by filing his suit against Defendant prior to August 31, 2005. Defendant has not presented any compelling reasons why Plaintiff should be forever barred from pursuing his claims merely because his choice of forum was ultimately determined to be incorrect. Further, the harm Plaintiff would suffer as a result of the dismissal would most certainly be disproportionate to the harm or inconvenience Plaintiff has caused Defendant by filing in California.

Moreover, due to the information and documentation Defendant has provided to the Court on the instant Motion to Dismiss – which establishes that Defendant is a Michigan corporation with its principal place of business in Frankfort, Michigan – this Court is able to easily identify the transferee court where venue would be appropriate and where Defendant would be amenable to service. Accordingly, the Court hereby finds that the interests of justice are best served by transferring this action

8

to the United States District Court for the Western District of Michigan, Southern Division.[7]

## CONCLUSION

IT IS HEREBY ORDERED THAT the above-captioned action is TRANSFERRED to the United States District Court for the Western District of Michigan, Southern Division.

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Docket No. 10] is DENIED AS MOOT. The clerk is directed to close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 2/9/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[7]A court electing to transfer an action may only transfer such action to a district where it might have been brought initially, *i.e.*, a district where the defendant is subject to personal jurisdiction and where venue would be proper. *See* 28 U.S.C. §§ 1404, 1406; 28 U.S.C. § 1391(b). Based on the parties' submissions to the Court, it is apparent that the United States District Court for the Western District of Michigan is the jurisdiction that would have personal jurisdiction over LECO and therefore venue properly lies in that district. *See* 28 U.S.C. § 1391(b) and (c).